[Crim. No. 3202. Second Appellate District, Division One.—June 14, 1939.]

In the Matter of the Application of THOMAS ANDERSON for a Writ of Habeas Corpus.

James C. Hollingsworth for Petitioner.

M. Arthur Waite, District Attorney, and Hal V. Hammons, Jr., Deputy District Attorney, for Respondent.

DORAN, J.—In his petition for a writ of *habeas corpus,* Thomas Anderson seeks to be released from restraint under a judgment convicting him of the offense of disturbing the peace. It is claimed by petitioner that the Justice's Court of Camarillo Township exceeded its jurisdiction.

The facts are as follows: On December 15, 1938, a warrant of arrest on the above-mentioned charge was issued by W. H. Miller, the justice of the peace of Camarillo township. Defendant Anderson entered a plea of not guilty to the charge. The cause was set for trial by jury on February 14, 1939. Prior to that date Judge W. H. Miller was served with a subpoena to appear as a witness for and on behalf of defendant Anderson. Judge Miller, deeming himself disquali-

fied, requested the justice of the peace of Ventura township, Judge J. C. P. Moore, to come to Camarillo to act as justice of the peace of Camarillo township for the purposes of the proceedings in the Anderson trial. Thereafter a jury was duly selected and sworn. The cause was then transferred for trial to the courtroom of Judge J. C. P. Moore in the county courthouse at Ventura, California. The discussion relative to this transfer was revealed by the record to be as follows:

"Mr. Waite (District Attorney of Ventura County) : Now, if the Court please, in discussing this matter with Mr. Kidder the defense suggested the courtroom was so small, if it would be convenient for the jurors to hold this hearing in Ventura where there are facilities and accommodations for the jurors in the courtroom there, it be transferred there. Mr. Kidder states it is agreeable to him. I think it is a matter to be left with the discretion of the jury, inasmuch as they are the ones who will be inconvenienced more than anyone else.

"Mr. Kidder (Defendant's Counsel) : I might add, Mr. Waite, this additional information; from information in my possession I believe there will be not less than 40 witnesses produced both for the People and the defense in this case, several days of trial, and it will be hard trying. It would perhaps be of considerable aid to the jury if we have comfortable quarters in which to work, and I know that the district attorney would favor it, and I know that I favor it, and, I think, neither the judge nor the court reporter would have any objection if the jury were willing to have the case tried there, and the defendant is willing to waive any jurisdictional matters in having the case tried there rather than tried here. Everyone feels we have been crowded here today, and the breathing is not so good, and we can have ample quarters there through arrangements made by the County to try the case if the jury would be willing to appear there.

"The Court: Ladies and Gentlemen of the Jury, you have heard the suggestion to transfer the case, and it is acquiesced in by Mr. Kidder, attorney for the defendant, to transfer this cause to my courtroom or the justice courtroom of Ventura where there is plenty of room, and better accommodations and the lighting, and the rest of it. Are you willing to continue the case at Ventura?

.   .   .   .   .   .   .   .   .   .   .   .   .

"The Court: Let us take another vote. How many are willing?

" (Whereupon, the hands of all jurors were raised.)

"The Court: Very well. Everybody satisfied now. That will be the order of the Court, that the further trial of this cause will be transferred to the justice courtroom in the city of Ventura in the courthouse at Ventura for further trial at 10:00 o'clock tomorrow morning.

"Mr. Waite: May the record show at this time, Mr. Anderson, you request the transfer, do you?

"Mr. Kidder: We consent to it.

"Mr. Waite: If he makes the request and waives any formality—

"Mr. Kidder: We so request.

"Mr. Waite: —there will be no question on it."

The cause was thereafter tried in Ventura township before Judge Moore, as acting justice of the peace of Camarillo township. A verdict of guilty was returned by the jury, and the judgment followed.

Petitioner contends that all of the proceedings had upon the trial, and subsequent thereto, are null and void and of no effect for the reason that "The case commenced . . . in Camarillo Township . . . and ended in another," as a result of which, it is argued, the court lost jurisdiction. It is urged in that connection that, before a valid transfer can take place, the procedure declared by section 1431 of the Penal Code must be followed. Subdivision 3 of section 1431 is as follows:

"*Change of venue: When granted.* If the action or proceeding is in a justice's court, a change of the place of trial may be had at any time before the trial commences: . . . 3. When it appears from affidavits of the prosecution that such change will be for the convenience of the people and of the defendant and when the defendant and his attorney, if any, consent in writing, to such change, the cause must be transferred to a justice of another township in the same county."

The above provision has no application to a determination of the question here presented. A change of venue, as contemplated by that provision of the law, was not attempted. Nor did the action of the court in moving the place of trial amount to a change of venue within the meaning of such provision. At most the removal of the place of trial under

the circumstances was but an error in procedure, which error was not jurisdictional. Such an error cannot be reached by writ of *habeas corpus*. The proper remedy was by appeal.

The petitioner is, therefore, remanded, and the writ is discharged.

York, P. J., and White, J., concurred.